# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2018

Lyle W. Cayce
Clerk

No. 17-10749

MARK DEWAYNE HALLCY,

　　　　　　　　　　　Plaintiff-Appellant

v.

KEN COUGHLIN, Chief of Police; DAVID MULL, Sheriff; COBY NIELL, Detective, City of Plainview Police Department; MICHAEL SHAWN RAY, Sergeant Jailer, Hale County Sheriff Department; A. J. BONNER, Lieutenant & Jail Administrator, Hale County Sheriff Department,

　　　　　　　　　　　Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CV-252

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Mark Dewayne Hallcy, Texas prisoner # 2149848, appeals the district court's dismissal of his 42 U.S.C. § 1983 action against officials in the City of Plainview Police Department and the Hale County Sheriff's Department, alleging violations of the Fourth and Fifth Amendments, as well as retaliation, harassment, and respondeat superior liability. He moves this court for leave

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10749

to proceed in forma pauperis (IFP).  By moving to proceed IFP in this court, Hallcy challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  To proceed IFP, Hallcy must demonstrate financial eligibility and a nonfrivolous issue for appeal.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  He also seeks appointment of counsel and leave to amend his complaint to add two defendants.

In determining whether a nonfrivolous issue exists, this court's inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  "[W]here the merits are so intertwined with the certification decision as to constitute the same issue," the court may deny the IFP motion and dismiss the appeal *sua sponte* if it is frivolous.  *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.  Although pro se briefs are afforded liberal construction, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), arguments must be briefed in order to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1983).

Hallcy fails to brief any response to the district court's dismissal of his harassment, retaliation, and superior liability claims.  Further, Hallcy has not raised a nonfrivolous issue for appeal based on his Fourth and Fifth Amendment claims.  Hallcy's Fifth Amendment claim does not amount to a cognizable constitutional violation under § 1983 because there is no evidence that he made a statement that was introduced in an incriminating manner. *Chavez v. Martinez*, 538 U.S. 760, 769 (2003).  Hallcy's Fourth Amendment claim based on the seizure of his clothes fails because Supreme Court precedent holds that such seizure is permissible.  *United States v. Edwards*, 415 U.S. 800, 802-04 (1974).  Finally, his particularity challenge fails to raise a nonfrivolous

2

No. 17-10749

issue for appeal because the search warrant amply described the place to be searched—Hallcy's person—and the things to be seized—swabs of gunshot residue. *See Williams v. Kunze*, 806 F.2d 594, 598 (5th Cir. 1986).

Thus, Hallcy fails to raise any legal issues arguable on their merits. Accordingly, his motion for leave to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His remaining motions are denied as moot.

MOTIONS DENIED; APPEAL DISMISSED.